IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KISA MOYER, <br> 70 Jackson St. <br> Mildred, PA 18632 <br><br>      *Plaintiff* <br><br> v. <br><br> JEFFREY MILLER <br> *In his individual capacity* <br> 5837 Route 220 <br> Laporte, PA 18626 <br><br>      *Defendant*. | JURY TRIAL DEMANDED CIVIL ACTION <br><br> CASE NO. 4:25-CV-00516 <br><br> **COMPLAINT** <br><br> **ELECTRONICALLY FILED** |

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action for damages brought under 42 U.S.C. §§ 1983, 1988, the Fourth Amendment, and the Fourteenth Amendment.

**II. JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein by reference.

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331 and the previously mentioned statutory and Constitutional provisions.

1

4. Venue is proper under 28 U.S.C. § 1391 in this Court because the conduct complained of occurred here and at least one defendant resides here.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein by reference.

6. Kisa Moyer ("Plaintiff") is an adult individual and resides at 70 Jackson Street, Mildred, Pennsylvania 18632.

7. Jeffrey Miller ("Defendant") is, and was at all times relevant to this complaint, a Pennsylvania State Police Trooper. This suit is against Defendant in his individual capacity.

8. Defendant is, and was at all times relevant to this complaint, stationed at the Laporte station of the Pennsylvania State Police, 5837 Route 220, Laporte, PA 18626.

9. Defendant was acting under color of state law at all times relevant to this complaint.

10. At all relevant times relevant hereto, Defendant was acting directly or indirectly on behalf of the Commonwealth of Pennsylvania.

## IV. STATEMENT OF CLAIM

11. The foregoing paragraphs are incorporated herein by reference.

12. On July 29, 2023 at roughly 4:39p.m., Defendant was monitoring traffic on Pennsylvania State Route 220 ("SR 220") north of Mill Street in Dushore Borough, Pennsylvania.

13. Defendant noticed a black Volvo sedan traveling on SR 220 with a female operator.

14. The Volvo had Pennsylvania registration plate LPW1393.

15. Defendant queried the registration on the Volvo.

16. Defendant observed the registration on the Volvo was set to expire on July 31, 2023.

17. Defendant found that Plaintiff had a valid Florida driver's license.

18. Plaintiff committed no traffic infractions or violations on July 29, 2023.

19. Defendant initiated a traffic stop on the Volvo by activating the emergency lighting on his police vehicle.

20. Plaintiff yielded to Defendant's show of authority and stopped the Volvo.

21. Defendant approached the Volvo and identified Plaintiff as the driver.

22. Defendant informed Plaintiff that the reason for the traffic stop was that the registration on the Volvo was expired.

23. Plaintiff informed Defendant that she believed the registration expired at the beginning of August and that it did not expire in July.

24. Despite Plaintiff informing Defendant that the registration was valid, the traffic stop continued.

25. The traffic stop devolved into a driving under the influence investigation.

26. Defendant had Plaintiff submit to standard field sobriety testing.

27. At the conclusion of the testing, Defendant placed Plaintiff under arrest for driving under the influence of alcohol.

28. On August 1, 2023, Defendant charged Plaintiff driving under the influence of alcohol and other summary traffic citations.

29. On November 14, 2023, the Sullivan County District Attorney, with the approval of Sullivan County President Judge Russell D. Shurtleff, dismissed all charges filed against Plaintiff.

## *Count I – 42 U.S.C. § 1983 Claim for Unconstitutional Seizure*

30. The foregoing paragraphs are incorporated herein by reference.

31. A traffic stop is a seizure under the Fourth Amendment.

32. A routine traffic stop must be supported by reasonable suspicion in order to be constitutional under the Fourth Amendment.

33. On July 29, 2023, Defendant initiated a traffic stop on the Volvo driven by Plaintiff.

34. Defendant did not observe Plaintiff commit any traffic violations or infractions prior to the traffic stop.

35. The Volvo operated by Plaintiff was validly registered on July 29, 2023.

36. The Volvo's valid registration did not expire until July 31, 2023.

37. Despite the Volvo being validly registered, Defendant informed Plaintiff he stopped the vehicle she was driving because the registration was expired.

38. Defendant had no reasonable suspicion that any traffic offense or infraction occurred prior to initiating the traffic stop on Plaintiff's vehicle.

39. Defendant had no reasonable suspicion that any criminal activity was afoot prior to initiating the traffic stop on Plaintiff's vehicle.

40. Plaintiff lives in Sullivan County Pennsylvania currently.

41.     Defendant is still employed as a Pennsylvania State Trooper.

42.     Plaintiff is at risk for being unconstitutionally stopped by Defendant again as she was on July 29, 2023.

43.     Plaintiff is at risk for being unconstitutionally stopped by Defendant because she lives and works in the same area Defendant regularly patrols.

44.     Defendant has already stopped Plaintiff without any constitutional authority on one occasion.

45.     The likelihood that Plaintiff and Defendant will come into contact in the same area that the constitutional violation in this case occurred wherein Plaintiff could be subjected to Defendant's unconstitutional whims a second time is high.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages, costs, punitive damages, attorney's fees, and injunctive relief in the form of ordering Defendant to refrain from unconstitutionally seizing Plaintiff and an improved training regimen for Defendant regarding when a traffic stop can constitutionally be made.

### *Count V – Jury Trial Demand*

46.     The foregoing paragraphs are incorporated herein by reference.

47.     Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants for

i. Actual damages;

ii. Punitive damages;

iii. Attorney's fees;

iv. Costs;

v. Interest;

vi. Injunctive relief; and

vii. Any further relief that the Court deems just and proper.

Respectfully Submitted,

<u>/s/ Leonard Gryskewicz, Jr.</u>
Leonard Gryskewicz, Jr.
Attorney for Plaintiff
PA321467
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838

<u>/s/ David V. Lampman, II</u>
David V. Lampman, II
Attorney for Plaintiff
PA93332
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838