# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KISA MOYER, | : | |
| Plaintiff | : | No. 4:25-cv-00516 |
| | : | |
| v. | : | **Chief Judge Brann** |
| | : | |
| JEFFREY MILLER, | : | **Electronically Filed Document** |
| | : | |
| | : | *Complaint Filed 3/20/2025* |
| Defendant | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Miller, by and through counsel, hereby submits this Answer and Affirmative Defenses to the Complaint (ECF Doc. 1). Defendant avers the following in response:

### I.   INRODUCTION[1]

1. This paragraph is a conclusion of law to which no response is required.

### II.   JURISDICTION AND VENUE

2. This is an incorporation paragraph to which no response is required.

---

[1] For ease of comparison and convenience of the reader, Defendant herein retains the headings and numbering from the Complaint, and does so with the understanding that no responsive pleadings thereto are required. This includes the numbering of the Complaint's "Counts".

To the extent such headings are deemed to contain any allegations of fact to which a response is required, the same are specifically DENIED, with strict proof demanded at trial if material.

3. This paragraph is a conclusion/statement of law to which no response is required.

4. This paragraph is a statement/conclusion of law to which no response is required.

### III.  PARTIES

5. This is an incorporation paragraph to which no response is required.

6. Upon information and belief, ADMITTED.

7. ADMITTED.

8. It is ADMITTED only that Defendant was stationed at the Laporte Station at the time of the events underlying the Complaint. The remaining averments and characterizations in this paragraph are DENIED.

9. This paragraph is s conclusion/statement of law to which no response is required.

10. This paragraph is conclusion/statement of law to which no responses is required.

### IV.  STATEMENT OF CLAIM

11. This paragraph is an incorporation paragraph to which no responses is required.

12. ADMITTED.

13. ADMITTED.

14. ADMITTED.

15. ADMITTED. It is further ADMITTED that Defendant conducted a CLEAN/NCIC query of the female (Kisa Lee MOYER). The query returned a Florida Driver's License and a photograph for Plaintiff with a Fort Lauderdale address and Pennsylvania address. Defendant then conducted a CLEAN/NCIC query of Defendant through Pennsylvania. The query returned Defendant to have an expired Pennsylvania driver's license. (*See* Exhibit A – Pennsylvania State Police Report, Offence Tracking Number R517665-1 at 7).

16. ADMITTED.

17. DENIED.

18. DENIED.

19. ADMITTED.

20. ADMITTED.

21. ADMITTED.

22. DENIED.

23. DENIED.

24. It is ADMITTED only that the traffic stop continued upon Defendant's identification of the Plaintiff. The remaining averments and characterizations in this paragraph are DENIED.

25. ADMITTED in part and DENIED in part. It is ADMITTED only that:

   a. That after Defendant requested Plaintiff's relevant documentation, she was slow to comply;

   b. She exhibited her Florida Driver's license, allowing the Defendant to positively identify her;

   c. As he spoke with the Plaintiff, Defendant detected the odor of an alcoholic beverage; and

   d. A chemical test of the Plaintiff's breath indicated that her Blood Alcohol Content (BAC) was 0.092% at the time of the legal breath test. (*See* Exhibit A at 7 – 8, and 15).

   The remaining averments and characterizations in paragraph no. 25 are DENIED.

26. ADMITTED.

27. ADMITTED.

28. It is ADMITTED that Plaintiff was charged with several criminal offenses as a result of the traffic stop. The remaining averments and characterizations in this paragraph are DENIED.

29. ADMITTED.

## *Count I – 42 U.S.C. § 1983 Claim for Unconstitutional Seizure*

30. This paragraph is an incorporation paragraph to which no response is required.

31. This is a conclusion/statement of law to which no response is required.

32. This is a conclusion/statement of law to which no response is required.

33. ADMITTED.

34. DENIED.

35. ADMITTED.

36. ADMITTED.

37. DENIED.

38. DENIED.

39. Upon information and belief, ADMITTED.

40. DENIED.

41. ADMITTED.

42. DENIED.

43. DENIED.

44. DENIED.

45. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent a response is required, it is DENIED that Plaintiff is entitled to any relief.

### *Count V – Jury Trial Demand*

46. This is an incorporation paragraph to which no response is required.

47. This paragraph is a jury demand to which no response is required.

This is a "wherefore" paragraph to which no response is required. To the extent a response is required, it is DENIED that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

In addition to the foregoing responses, Defendant asserts the following affirmative defenses:

1. Defendant had probable cause to believe Plaintiff committed the crimes underlying this Complaint at all relevant times;

2. At no time did Defendant, either individually or in concert with others, deprive or seek to deprive Plaintiff of any rights, privileges, or immunities secured by him to the Constitution or laws of the United States;

3. Plaintiff is limited in the types of damages she can recover because she did not experience a physical injury;

4. Defendant is immune to Plaintiff's claims to the extent he was working within the scope of his employment;

5. Defendant is immune from liability by virtue of absolute, qualified, official, governmental, state sovereign, and/or any other immunity;

6. The Complaint fails to state any claim upon which relief may be granted;

7. Plaintiff's claims are barred based on lack of personal involvement;

8. Plaintiff's Complaint may be barred by the doctrines of estoppel, waiver, laches, and/or applicable statute of limitations.

9. Defendant did not act with malice, recklessness, deliberate indifference, or in a negligent manner.

Defendant reserves the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

                                         **Respectfully submitted,**

                                         **DAVID W. SUNDAY, JR.**
                                         **Attorney General**

                                  **By:**   *s/ Andrew J. Wollaston*
                                         **ANDREW J. WOLLASTON**

**Office of Attorney General**        **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID PA 322861**
**Harrisburg, PA 17120**
**Phone: (717) 480-1932**            **NICOLE R. DITOMO**
                                              **Chief Deputy Attorney General**
[awollaston@attorneygeneral.gov](mailto:awollaston@attorneygeneral.gov)    **Civil Litigation Section**

**Date:  July 18, 2025**                **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KISA MOYER, | : | |
| Plaintiff | : | No. 4:25-cv-00516 |
| | : | |
| v. | : | Chief Judge Brann |
| | : | |
| JEFFREY MILLER, | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 3/20/2025* |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Andrew J. Wollaston, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 18, 2025, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

### VIA ELECTRONIC FILING

**David Lampman, II, Esq.**
**Leonard M Gryskewicz , Jr., Esq.**
**Lampman Law**
**2 Public Square**
**Wilkes-Barre, PA 18701**
david@lampmanlaw.com
lenny@lampmanlaw.com
*Counsel for Plaintiff*

                                        *s/ Andrew J. Wollaston*
                                        **ANDREW J. WOLLASTON**
                                        Deputy Attorney General